IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeffrey Ward,<br><br>    Plaintiff,<br><br>v.<br><br>Fairfield Acceptance Corporation; Wyndham Hotels & Resorts, Inc.; Equifax Information Services, LLC; and TransUnion, LLC.<br><br>    Defendants. | CA No.<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

COMES NOW Plaintiff, Jeffrey Ward ("Plaintiff") by and through counsel undersigned, and upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1.   This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

## II.   PARTIES

2.   Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Horry, South Carolina.

3.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.   Defendant, Fairfield Acceptance Corporation ("Fairfield") is and at all times relevant hereto was, a collection institution regularly doing business in the State of South

Carolina.

5. At all times pertinent hereto, Defendant Fairfield was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Fairfield is a "debt collector" as defined by § 1692a(6).

7. Defendant Wyndham Hotels & Resorts, Inc., ("Wyndham") is a domestic corporation regularly doing business in the State of South Carolina.

8. Fairfield is a furnisher of consumer credit information to consumer reporting agencies and therefore falls under the obligation imposed on furnishers by 15 U.S.C. § 1681s-2.

9. Wyndham is a furnisher of consumer credit information to consumer reporting agencies and therefore falls under the obligation imposed on furnishers by 15 U.S.C. § 1681s-2.

10. Defendant, TransUnion, LLC, ("TransUnion"), is a credit reporting agency, licensed to do business in South Carolina and has designated the following registered statutory agent: Prentice-Hall Corporation System, Inc., 508 Meeting Street, West Columbia, South Carolina 29169.

11. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of South Carolina.

12. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in South Carolina and has designated the following registered statutory agent: Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

13. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of South Carolina.

14. Equifax and TransUnion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

15. Equifax and TransUnion furnish such consumer reports to third parties under contract for monetary compensation.

16. At all times pertinent hereto, Defendant Equifax and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), licensed to do business in South Carolina as a Foreign Limited Liability Company.

### III. JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

18. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Horry County, South Carolina and Defendants do business in South Carolina.

19. Personal jurisdiction exists over Defendants as Plaintiff resides in South Carolina, Defendants have the necessary minimum contacts with the state of South Carolina, and this suit arises out of specific conduct with Plaintiff in South Carolina.

### IV. FACTUAL ALLEGATIONS

20. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Fairfield, Wyndham, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

21. Equifax and Transunion are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

22. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

23. Equifax and TransUnion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

24. The Fairfield account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

25. Fairfield acquired the debt after it was allegedly in default.

26. Fairfield uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

27. Fairfield regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due

28. On or around January 2022, Plaintiff discovered Defendant Wyndham was erroneously reporting Plaintiff's Wyndham account ("Account") as having a past due balance on Plaintiff's Equifax consumer report.

29. The Account was settled in full with Wyndham.

30. On or around March 2022, Plaintiff discovered Defendant Fairfield was erroneously reporting a collection account on Plaintiff's Transunion consumer report.

31. The Fairfield Account is a collection account assigned to Fairfield by Wyndham.

32. The reporting of the Fairfield Account is not accurate because Plaintiff satisfied the obligation due to the original creditor, Wyndham.

33. The false information regarding the Wyndham and Fairfield Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

34. On or about January 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Wyndham Account reporting on Plaintiff's Equifax consumer report.

35. On or about March 2022, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Fairfield Account reporting on Plaintiff's TransUnion consumer report.

36. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Wyndham.

37. Upon information and belief, Wyndham received notification of Plaintiff's Dispute Letter from Equifax.

38. Upon information and belief, Wyndham verified the erroneous information associated with the Account to Equifax.

39. Wyndham did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Wyndham Account.

40. Upon information and belief, TransUnion forwarded Plaintiff's TransUnion Dispute to Defendant Fairfield.

41. Upon information and belief, Fairfield received notification of Plaintiff's Dispute Letter from TransUnion.

42. Upon information and belief, Fairfield verified the erroneous information associated with the Account to TransUnion.

43. Fairfield did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Fairfield Account.

44. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Fairfield Account.

45. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Wyndham Account.

46. Upon information and belief, Wyndham failed to instruct Equifax to remove the false information regarding the Wyndham Account reporting on Plaintiff's consumer report.

47. Upon information and belief, Fairfield failed to instruct TransUnion to remove the false information regarding the Fairfield Account reporting on Plaintiff's consumer report.

48. Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

49. At no point after receiving the Dispute Letters did Wyndham, Fairfield, Equifax, and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

50. Equifax and TransUnion relied on their own judgment and the information provided to them by Wyndham and or Fairfield, rather than grant credence to the information provided by Plaintiff.

**COUNT I – EQUIFAX**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Wyndham Account reporting on Plaintiff's Equifax consumer report.

53. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

54. As a result of this conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Wyndham Account reporting on Plaintiff's Equifax consumer report.

60. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

61. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to

reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

65. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

66. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Fairfield Account reporting on Plaintiff's consumer report.

67. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

68. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to

recover damages under 15 U.S.C. §1681o.

71.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT IV – TRANSUNION
#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

72.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73.     After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Fairfield Account reporting on Plaintiff's consumer report.

74.     Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

75.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77.     In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

### COUNT V – WYNDHAM
#### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

78.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

79. After receiving the Equifax Dispute Letter, Wyndham failed to correct the false information regarding the Wyndham Account reporting on Plaintiff's consumer report.

80. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Wyndham's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Wyndham's representations to consumer credit reporting agencies, among other unlawful conduct.

81. As a result of this conduct, action, and inaction of Defendant Wyndham, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. Defendant Wyndham's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

83. In the alternative, Defendant Wyndham was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Wyndham pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT VI– FAIRFIELD

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

85. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

86. After receiving the TransUnion Dispute Letter, Fairfield failed to correct the false information regarding the Fairfield Account reporting on Plaintiff's consumer report.

87. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly

investigate Plaintiff's disputes of Defendant Fairfield's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Fairfield's representations to consumer credit reporting agencies, among other unlawful conduct.

88. As a result of this conduct, action, and inaction of Defendant Fairfield, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

89. Defendant Fairfield's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

90. In the alternative, Defendant Fairfield was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

91. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Fairfield pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

COUNT VII – Fairfield

(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

92. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

93. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

94. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

95. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

96. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

97. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau,* 539 F.3d at 221).

98. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

99. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative

history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

100. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

101. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

102. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

103. Fairfield violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debts, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants, jointly and severally, for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Fairfield for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

A. Trial by jury.

B. An adjudication that Fairfield violated 15 U.S.C. § 1692e;

C. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

D. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

E. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted May 26, 2022

/s/ Aaron Kozloski
Aaron Kozloski DCID 9510
MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
*Attorney for Plaintiff*